**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2999-16T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CRYSTAL NURSE,

     Defendant-Appellant.

_____

          Argued December 5, 2018 - Decided July 12, 2019

          Before Judges Fuentes, Accurso, and Moynihan.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 13-05-1225.

          Michael T. Denny, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Michael T. Denny, of counsel and on the brief).

          Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens II, Acting Essex County Prosecutor, attorney; Barbara A. Rosenkrans, of counsel and on the brief).

PER CURIAM

Defendant Crystal Nurse is a thirty-nine-year-old Trinidad and Tobago national who immigrated to the United States at age thirteen and is now a lawful permanent resident of this country. In the summer of 2012, she travelled to her country of birth to celebrate her birthday with her longtime friend Dion Boxil, with whom she was romantically involved at the time. Upon her return to this country on August 12, 2012 at Newark International Airport, a customs official conducting a routine search of her luggage found three pounds of powder cocaine concealed in the lining of a separate leather portfolio inside her carry-on suitcase.

Defendant claimed she was unaware of the illicit nature of the contents of the leather case because the cocaine was packaged to look like candy. She willingly cooperated with the federal law enforcement investigators who responded to the airport. She claimed she and Boxil originally flew to Trinidad and Tobago on a one-way ticket to save money. Once there, Boxil asked his cousin Kyle Joseph to help them obtain a return ticket at a low price. Defendant alleged Joseph asked her to take a leather attaché case with candy to a woman friend of his who lived in the United States. Defendant emphatically denied any complicity in or knowledge about this stratagem to smuggle cocaine. Boxil

2

corroborated defendant's account. The record also shows defendant cooperated fully with federal investigators. Federal authorities declined to assert jurisdiction over this matter.

On May 28, 2013, an Essex County grand jury returned an indictment charging defendant with third degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) and first degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1), (b)(1). Pursuant to Rule 3:28(h), a defendant must file an application for admission into the Pretrial Intervention (PTI) program "at the earliest possible opportunity, including before indictment, but in any event no later than twenty-eight days after indictment." (Emphasis added). Defendant filed her PTI application on September 11, 2015, more than two years after she was indicted.

The vicinage's Criminal Division Manager (CDM) must review a defendant's PTI application and make a recommendation on her or his suitability for admission with twenty-five days. Ibid. Here, the CDM reviewed defendant's untimely application on February 27, 2015, and September 17, 2015, and both times recommended against her admission into the program. The CDM noted defendant: (1) did not have any prior involvement with the criminal justice system; (2) had a bachelor's degree in forensic psychology; (3) was the single

3

parent of a teenaged girl; (4) had a steady history of gainful employment; and (5) did not have any history of substance abuse. Despite these positive indicators of suitability for admission into PTI, the CDM's principal, and in this case dispositive, factor for denying defendant's application was the nature of the offense. As the CDM explained: "Ms. Nurse is charged with a first degree offense. Such offenses carry a presumption of imprisonment and your submission has not shown compelling reasons justifying your admission. . . ."

Rule 3:28(h) requires the prosecutor to "complete a review of the application and inform the court and defendant within fourteen days of the receipt of the criminal division manager's recommendation." Here, in a letter addressed to defense counsel dated October 8, 2015, the prosecutor explained the State's position against admitting defendant into PTI. Although the prosecutor found a number of significant factors favoring defendant's admission into the program, he ultimately concluded she did not provide "compelling reasons" to overcome the presumption of ineligibility associated with a first degree offense:

> Defendant's crime of distribution highlights the fact that she is charged with a first degree offense and was involved in distribution despite not being a user or being drug dependent herself. Guideline 3(i) of [Rule] 3:28. Although not the only factors relied upon, under these circumstances, this Office is justified in basing its

rejection solely on these presumptions against defendant's admission. See State v. Caliguiri, 158 N.J. 28, 36 (1999) [(]citing State v. Baynes, 148 N.J. 434, 445-47 (1997)[)].

On January 25, 2016, defendant appealed the prosecutor's and CDM's denial to the judge assigned to try the case pursuant to N.J.S.A. 43-12(f) and Rule 3:28(h). Both defendant and the prosecutor submitted letter-briefs that expressed their respective positions. However, the judge assigned to manage the case proceeded to trial without conducting a hearing to address and decide the pending appeal. On February 3, 2016, the first day of trial, the trial judge made the following statement: "But regarding the PTI situation, it's denied for the reasons set forth on Rule 3:28(h). Also, State v. Morales-Pen, 386 [N.J. Super.] 569, 577-78 ([App. Div.] 2006). That's all."

Against this record, defendant raises the following arguments:

POINT I

THE COURT ERRED BY DENYING THE PTI APPEAL MOTION WITHOUT A HEARING AND SOLELY ON PROCEDURAL GROUNDS.

POINT II

THE PROSECUTOR'S REJECTION OF NURSE'S PTI APPLICATION CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION BECAUSE HE FAILED TO CONSIDER ALL OF THE RELEVANT FACTORS, RESULTING IN A CLEAR ERROR OF

[JUDGMENT] WHICH SUBVERTED THE GOALS UNDERLYING THE PTI PROGRAM.

POINT III

DEFENSE COUNSEL WAS INEFFECTIVE BECAUSE THE FACTUAL BASIS ELICITED FOR THE THIRD-DEGREE DRUG POSSESSION CHARGE INCLUDED MANY FACTS UNNECESSARY FOR THE PLEA. THIS ERROR NOT ONLY MADE NURSE AUTOMATICALLY DEPORTABLE, BUT ALSO INELLIGIBLE TO OBTAIN CANCELLATION OF REMOVAL OR DEPORATION. (Not Raised Below)

After we heard oral argument from counsel in this appeal, our Supreme Court decided State v. Johnson, ___ N.J. ___ (2019). Pursuant to Rule 2:6-11(d)[1], defendant's appellate counsel submitted a letter to this court noting that the Supreme Court clarified in Johnson that the presumption against admission into PTI does not apply to persons charged only with first or second degree

---

[1] Rule 2:6-11(d) provides, in relevant part:

Letter to Court After Brief Filed. No briefs other than those permitted in paragraphs (a) and (b) of this rule shall be filed or served without leave of court. A party may, however, without leave, serve and file a letter calling to the court's attention, with a brief indication of their significance, relevant published opinions issued, or legislation enacted or rules, regulations and ordinances adopted, subsequent to the filing of the brief.

6

possession of illicit narcotics with intent to distribute. <u>Johnson</u>, ___ N.J. ___ (2019) (slip op. at 15-16).

We agree. As was the case with the defendant in <u>Johnson</u>, defendant here is not charged with selling or dispensing cocaine. She is charged with first degree possession of three pounds of cocaine <u>with intent to distribute</u>. The case thus must be remanded for the State and the CDM to reevaluate defendant's PTI application without a presumption against admission. We also agree with defendant that the trial judge erred by summarily deciding defendant's appeal without providing the attorneys the opportunity to present oral argument and without providing a reasoned, narrative explanation for his decision, as required by <u>Rule</u> 3:29.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2999-16T1